C. W. WELLONS v. C. L. WARREN, A. D. FOWLKES, W. J. MAYO, AND N. B. DAWSON.

(Filed 21 September, 1932.)

**1. Bills and Notes C d—Definition of holder in due course.**

A holder in due course is one who holds a negotiable instrument, complete and regular upon its face, before maturity without notice of previous dishonor, and who acquired it in good faith for value without notice of any infirmity in the instrument or defect in the title of his endorser. C. S., 3033.

**2. Appeal and Error L c—Where new trial is granted on one exception contentions relating to another can be presented at later trial.**

Where, in an action on a note, the defendant sets up the defense that the plaintiff acquired the note as agent and could not maintain the action, and the defendant contends that nevertheless, under the statutes, he could maintain the action in his own name, C. S., 2976, 3015, 3032, 446, and seeks to present his contention by an exception to the refusal of the trial judge to direct a verdict on one of the issues: *Held*, although the court's refusal to direct a verdict on the issue was not erroneous under the evidence, a new trial being granted for error in another part of the charge, the defendant will have opportunity to present his contentions upon the subsequent trial.

**3. Bills and Notes C e—Purchaser from holder in due course takes note free from equities when not a party to fraud or illegality.**

A purchaser of a negotiable note from a holder in due course takes the note free from equities which would prevent recovery by the payee if he was not a party to the fraud or illegality affecting the note, although he had notice of such equities at the time of his purchase. C. S., 3039.

**4. Trial E g—Where charge is conflicting on material point a new trial will be awarded.**

> Where the charge of the trial court is erroneous on a material point the error will not be held harmless because in another part of the charge the law is correctly stated or the error minimized, the charge tending to confuse the jury.

APPEAL by plaintiff from *Frizzelle, J.,* at April Term, 1932, of EDGE-COMBE. New trial.

This is an action to recover of the maker and the endorsers $1,800 and interest, the amount alleged to be due on three promissory notes. The first is as follows:

"$600.                                Conetoe, N. C., 4 December, 1926.

One year after date, I promise to pay to the order of A. D. Fowlkes, W. J. Mayo and N. B. Dawson, trustees, six hundred and no/100 dollars, with interest from date at six per cent per annum, payable annually. Value received.                                C. L. Warren."

The other two of the same tenor are dated 4 December, 1925, one payable two years after date and the other three years after date. The note executed on 4 December, 1926, is one of a series of notes which had been renewed, the renewal accounting for the later date. Neither note indicates for whom or in whose behalf the trustees were acting, but each one was endorsed by N. B. Dawson, trustee, W. J. Mayo, trustee, and A. D. Fowlkes, trustee.

The original notes, including the one for which the renewal note was given, were negotiated and transferred by endorsement to the First National Bank of Tarboro in January, 1926. The plaintiff testified that he purchased the notes for value at a sale made by the bank on 29 September, 1928, and that he was the holder and owner of them at the time of the trial. The defendants denied the plaintiff's title, alleging that he had purchased the notes as agent of another person.

Upon the issue submitted, the jury found that the plaintiff is not the owner in due course of the notes sued on, and upon the verdict judgment was given for the defendants. The plaintiff excepted and appealed.

*H. H. Phillips for plaintiffs.*
*George M. Fountain and C. H. Leggett for defendants.*

ADAMS, J. In the Negotiable Instruments Law a holder in due course is one who has taken the instrument under the following conditions: "(1) That the instrument is complete and regular upon its face; (2) that he became the holder of it before it was overdue and without notice

that it has been previously dishonored, if such was the fact; (3) that he took it for good faith and value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." C. S., 3033. It is admitted that the notes in suit are negotiable.

The trial court instructed the jury that according to all the evidence, if believed, the First National Bank of Tarboro was a holder of the notes in due course. This position, it seems, is not questioned. The plaintiff's testimony is that he purchased the notes from the bank on 29 September, 1928, and paid value for them. To bar recovery the defendants interposed these defenses: (1) the execution of the notes was fraudulently procured; (2) the plaintiff, if in reality the purchaser, took the notes subject to the defendant's equities; (3) the plaintiff acquired possession of the notes as an agent.

In response to the defendants' contention that the plaintiff acquired the notes as agent and therefore cannot maintain the action, the plaintiff insists that by virtue of section 2976, 3015, and 3032 of the Consolidated Statutes, the holder of a negotiable instrument—*i. e.,* the payee, endorsee, or bearer—may sue thereon in his own name, that payment to him discharges the instrument, and that in consequence he may prosecute the present action without regard to the question whether he holds the notes in his own right or as agent for another. It has been held, notwithstanding these sections, that the holder of a note "for collection" is not the real party in interest. C. S., 446; *Bank v. Exum,* 163 N. C., 199; *Bank v. Rochamora,* 193 N. C., 1. In the oral argument the appellant insisted that these cases are not controlling here because there is no evidence that the plaintiff received the notes for collection. The point, if presented at all, is embraced in the requested instruction (which was not given) that if the jury believed all the evidence they should answer the first issue in the affirmative. We cannot hold that the court erroneously declined to give the instruction; but as a new trial is given the plaintiff will have an opportunity definitely to present his conception of the law on the controverted question.

The graver exceptions are addressed to the second ground of defense—whether the plaintiff holds the notes subject to the alleged equities of the defendants.

The Negotiable Instruments Law contains the following section: "In the hands of any holder other than a holder in due course a negotiable instrument is subject to the same defenses as if it were nonnegotiable. But a holder who derives his title through a holder in due course and who is not himself a party to any fraud or illegality affecting the instrument has all the rights of such former holder in respect of all parties prior to the latter." C. S., 3039.

The latter clause makes clear reference (1) to a holder in due course, and (2) to a holder who derived his title from a holder in due course and (3) who was not a party to any fraud or illegality affecting the instrument. In *Pierce v. Carlton,* 184 N. C., 175, the Court approved the principle that as a rule one who acquires title from a holder in due course may recover though he himself may have had notice of the infirmity when he acquired the instrument from such holder—the specific question being, not whether he had notice of any infirmity at that time, but whether he had been a party to any fraud or illegality affecting the instrument. A holder in due course may transfer a complete title to a third person although the latter when he takes the paper has knowledge of facts which would defeat recovery by the payee. *Avagon Coffee Co. v. Rogers,* 105 Va., 51, 52 S. E., 843.

With respect to the question whether the plaintiff holds the notes subject to the alleged equities the court gave certain instructions, to which the appellant recorded exceptions which in our opinion are meritorious. The charge is clearly susceptible of the construction that if the plaintiff acquired title to the notes through a holder in due course, the fact that, when he purchased the notes, he had knowledge of the defendants' contention that there was a defect in the title of the trustees, his knowledge of such infirmity would not be available as a defense or make the plaintiff a holder other than a holder in due course "unless the jury should find from the evidence that he did in fact have knowledge of the infirmities in the notes and defect in the title of the trustees *at the time the notes were originally executed and negotiated."*

To this instruction several objections are interposed. Whether the plaintiff had knowledge of the alleged infirmity at the time the notes were executed was a question left to the determination of the jury when there was no evidence to this effect; and knowledge of such infirmity would not necessarily imply that the plaintiff was a party to any fraud or illegality affecting the instrument. It is true that in another part of the charge the court remarked that there was no evidence tending to fix the plaintiff with knowledge of "facts or circumstances surrounding the execution of the notes and the delivery thereof to the trustees"; but the subsequent submission of the question to the jury tended to confusion of the facts and misconception of the law.

If the First National Bank of Tarboro was a holder in due course and the plaintiff derived his title from the bank and was not a party to any fraud or illegality affecting the notes, prima facie he would be entitled to judgment, leaving for determination the further questions whether the plaintiff acquired the notes as the agent of Bridgers and, if so, whether he may not maintain the action in his own name.

New trial.